By the Court.—Curtis, Ch. J.
—The only question raised by the pleadings is, whether the defendant was duly notified of the dishonor of the notes. At the trial, the notary being dead, the register of official acts kept by him was produced, and the following entries therein, relating to the mailing to the defendant of notices of protest of the notes in suit, made under his direction, and signed by him, were read in evidence :

*343 The defendant objected that this was not the best evidence, but secondary and hearsay, and excepted to its being read in evidence. The provision of the statute which sustains the ruling of the court is as follows :
“ Any note or memorandum made by a notary public in his own handwriting, or signed by him at the foot of any protest, or in a regular register of official acts kept by him, shall, in the case of his death . . : be presumptive evidence of the fact of any notice of non-acceptance or non-payment having been sent or delivered at the time and in the manner stated in such note or memorandum” (3 R. S. 5th Ed. 474, § 36 [47]).
It was not the intention of the legislature, in framing this beneficent and wise enactment for the protection of those who might be subjected to the loss of their legal rights against indorsers, in case of the death of a notary, that its application should be so limited, as to deprive it of its value and usefulness. If it was intended that it should be construed narrowly, the general words, “any note or memorandum made by a notary,” would not be made by the statute presumptive evidence of the fact of a notice of non-payment having been sent at the time and in the manner stated in such note or memorandum.
In corroboration and explanation of the memoranda of the notary, it was proved at the trial, and without objection, that the notices of protest were put in envelopes and directed to the defendant at his place of business, Ho. 143 Fulton street, Hew York city, and delivered thus enclosed and directed to the notary, whose custom it was to mail such notices in the general post-office of the city of Hew York.
At the trial, the defendant did not testify that he failed to receive the notices of protest of the notes.
The defendant objected that there was no evidence that the notices were sealed up and postage prepaid, and when and where they were put in the post-office. *344 The statute (3 R. S. 5th Ed. p. 71, § 29) does not require the notices to be sealed up, and the memoranda of the notary in his official register sufficiently designate when and where they were mailed.
A question was raised on the argument, as to the meaning of the term “mailed.” The word is usually employed to designate the placing of letters or parcels in a post-office, to be delivered under the public authority. The delivery of this class of mail matter is prohibited unless the postage thereon is prepaid (§ 3896, § 3900, U. S. Stat. at L.). When the word “ mailed” appears as a note or memorandum in the official register of a deceased notary, it is consistent with reason and the actual meaning of the term, to presume that it describes what that act in its common and ordinary performance calls for, and more especially is this the case, when there is other proof corroborating and explaining such entries.
The judgment appealed from should be affirmed, with costs.
Freedman, J., concurred.